Bruce Brone, an Infant, by James Brone, his Guardian ad Litem, Plaintiff, v. Sours Carting & Storage Co., Inc., et al., Defendants.

James Brone, Plaintiff, v. Sours Carting & Storage Co., Inc., et al., Defendants.

Supreme Court, Special Term, Monroe County, November 7, 1945.

*William C. Combs* for defendants.

*William J. Frank* and *Robert W. Lochner* for plaintiffs.

VAN DUSER, J. There are two motions to be considered here. First, there is the motion to dismiss the complaint as to the defendant Harold A. Sours on the ground that it appears on the face of the complaint that no cause of action is therein stated against him. Second, a motion is made to strike from each of the complaints the paragraph numbered " 7(g) " on the ground that it is sham, irrelevant and unnecessary, and that it tends to prejudice, embarrass or delay the fair trial of the actions. That paragraph reads as follows: " 7. Upon information and belief that the negligence of the defendants among other things consisted of the following: * * * (g) In then and there operating the truck without having been duly licensed to operate the same, and at the direction and demand of the defendant, Harold A. Sours, and with knowledge on the part of the said defendant, Harold A. Sours, that the defendant, Edward W. Williams, was not a duly licensed operator."

There is no allegation in the complaint that the defendant, Harold A. Sours, is an officer, an agent or an employee of the defendant corporation, the alleged owner of the truck involved in the claimed accident. For all it appears, he is an entire stranger to the defendant corporation. The fact that his name is Sours, and that the alleged owner of the truck is the Sours Carting & Storage Co., Inc., imputes no responsibility on his part, especially in the absence of even the slightest allegation or allegations on that subject.

The allegations of the complaint are to the effect that the infant plaintiff suffered injury as a result of the negligent acts of the defendant Williams, while that defendant was operating a truck owned by his corporate employer, Sours Carting & Storage Co., Inc. Under those circumstances, let us assume for the purposes of the argument that Harold Sours, who, as stated, is not alleged to be an officer, employee, or agent of the corporation, did actually know the driver of the corporate truck to be unlicensed, and that said Harold Sours, an entire stranger, directed the driver to operate the same. From those facts can Harold Sours be held liable for an injury resulting from such operation by the unlicensed driver, Harold Sours not being present and having nothing to do with the actual operation of the truck on the highway?

It may be that the defendant Williams was, in fact, unlicensed. Such, of course, would constitute a violation of the Vehicle and Traffic Law on his part, but can it be said that the mere fact that the operator of the truck was unlicensed was the cause of the accident? Negligence must be alleged and proved. It is

possible for an unlicensed operator to be the most capable and careful driver in the entire State. In order to find him negligent, however, his negligence must be determined by what he *did,* or *did not do,* at the time of an accident.

The cases cited by plaintiffs' counsel in his memorandum on this subject are not applicable to the situation as it exists here. In each of those cases there were facts appearing which held defendant, he who sought to be relieved, legally responsible. In those cases there was a *father* knowingly *permitting* his infant daughter to drive a car purchased by him, also knowing her to be unfit to drive; an *employer hiring* a known incompetent chauffeur, and an employer *permitting* an unlicensed driver to operate his car. Such situations are quite different than we have here, where it does not appear, and it is not alleged in the complaint, that the individual defendant had any legal control whatsoever over the truck or its operator.

In the face of the allegations that the truck was owned by the defendant corporation, that it was being operated at the time of the alleged accident by the defendant Williams, as the agent, servant or employee of the defendant corporation, and in the absence of any allegations connecting the individual defendant Sours with the corporation, and personal negligence on his part as a result of which the accident happened, the complaint must be dismissed as to him.

For the reasons stated, it also follows that paragraph of the complaint numbered "7(g)" should be eliminated from the complaints.

Submit order for signature, with a provision giving each plaintiff the right to serve an amended complaint, if he so desires, within ten days from service upon his attorney of a copy of this order.